# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **RICHARD SMITH,** | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | **Case Number 6:16-cv-486** |
| | § | |
| **THE CBE GROUP, INC.,** | § | |
| **Defendant** | § | |
| | § | |

The plaintiff RICHARD SMITH ("Plaintiff"), by his attorney Sameer Birring of the Birring Law Firm, P.C., as and for him complaint against the defendant THE CBE GROUP, INC. ("CBE") alleges as follows, upon information and belief:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and exemplary damages, and statutory attorney's fees brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq.* ("TDCA"), and the common law claim of unreasonable collection.

2. The plaintiff alleges that the defendant violated these consumer protection laws by repeatedly using an automated telephone dialing system to call him over 300 times and played recordings in Spanish, a language plaintiff does not understand. Plaintiff does not know how Defendant obtained his phone number and believes Defendant was calling in an attempt to reach another person who owed a debt.

3. The plaintiff was damaged by the defendant's conduct and, pursuant to the TCPA,

1

FDCPA, and TDCA is entitled to recover actual damages and statutory damages. Pursuant to his claims under the FDCPA and TDCA, the plaintiff is entitled to recover his attorney's fees and costs incurred in bringing this action. The plaintiff is also entitled to an award of exemplary damages pursuant to his claim of unreasonable collection.

## JURISDICTION AND VENUE

4.    The jurisdiction of this Court is conferred by 47 U.S.C. § 227(b)(3) and 15 U.S.C. § 1692(k).  This Court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. § 1367(a). Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.    The plaintiff is an individual residing in Waco, Texas and a "consumer" within the meaning of the FDCPA and TDCA, and he is the "called party" pursuant to the TCPA.

6.    The CBE Group, Inc. ("CBE") is an Iowa corporation and a "debt collector" as defined by the FDCPA [15 U.S.C. § 1692a(6)] and TDCA [Tex. Fin. Code § 392.001(6)], as well as a "third-party debt collector" as defined by the TDCA [Tex. Fin. Code § 392.001(7)]. CBE is registered as a debt collector with the Texas Secretary of State. CBE is registered to do business in Texas, and may be served with process upon its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701.

## FACTUAL BACKGROUND

7.    At no time did Plaintiff ever enter into a business relationship with Defendant.

8.    On June 9, 2015, CBE called the plaintiff at his cellular telephone number (214) xxx-3192. When CBE called, the number (319) 242-7353 appeared on the caller ID of Plaintiff's cellular telephone.

9.  Upon information and belief, (319) 242-7353 is a phone number assigned to the Defendant.

10. When Plaintiff answered the phone, he heard a silence. After plaintiff said hello, he heard a recording in Spanish. This was an artificial or pre-recorded voice.

11. Plaintiff does not speak or understand Spanish.

12. Plaintiff does not know why Defendant was calling him.

13. Defendant's calls did not give Plaintiff any way to opt out of receiving further phone calls from Defendant.

14. Upon information and belief, CBE was calling to collect on a consumer debt owed by a person that was not the Plaintiff.

15. Upon information and belief, Defendant placed these calls using an automatic telephone dialing system ("ATDS") and using an artificial or prerecorded voice.

16. Defendant continued to call Plaintiff's cellular telephone to collect a debt that did not belong to him.

17. By July 10, 2015, Defendant had called Plaintiff's cellular telephone at least 40 times using an ATDS with the number (319) 242-7353 on the caller ID. In each of these calls, Defendant used an artificial or prerecorded voice.

18. On July 11, 2015, CBE called the plaintiff at his cellular telephone number (214) xxx-3192. When CBE called, the number (830) 201-1207 appeared on the caller ID of Plaintiff's cellular telephone.

19. Upon information and belief, (830) 201-1207 is a phone number assigned to the Defendant.

20.  When Plaintiff answered the phone, he heard a silence, said hello, then heard a recorded voice in Spanish. Defendant did not give him a way to opt out from further calls.

21.  Upon information and belief, Defendant placed these calls using an ATDS and using an artificial or prerecorded voice.

22.  Upon information and belief, CBE was calling to collect on a consumer debt owed by a person that was not the Plaintiff.

23.  By August 21, 2015, Defendant had called Plaintiff's cellular telephone over 60 times using an ATDS with the number (830) 201-1207 on the caller ID.

24.  On August 24, 2015, CBE called the plaintiff at his cellular telephone number (214) xxx-3192. When CBE called, the number (978) 224-8070 appeared on the caller ID of Plaintiff's cellular telephone.

25.  Upon information and belief, (978) 224-8070 is a phone number assigned to the Defendant.

26.  When Plaintiff answered the phone, he heard a silence, said hello, then heard a recorded voice in Spanish. Defendant did not give him a way to opt out from further calls.

27.  Upon information and belief, Defendant placed these calls using an ATDS and using an artificial or prerecorded voice.

28.  Upon information and belief, CBE was calling to collect on a consumer debt owed by a person that was not the Plaintiff.

29.  By September 28, 2015, Defendant had called Plaintiff's cellular telephone over 50 times using an ATDS with the number (978) 224-8070 on the caller ID.

30.  On September 29, 2015, CBE resumed calling the plaintiff at his cellular telephone

number with the number (319) 242-7353 on the caller ID.

31.  By January 4, 2016, Defendant had called Plaintiff over one hundred more times, with the number with the number (319) 242-7353 on the caller ID.

32.  In total, Defendant called Plaintiff's (214) xxx-3192 number over 300 times from June 9, 2015 to January 4, 2016.

33.  Upon information and belief, Defendant placed all of its calls to Plaintiff using a predictive dialer that has the capacity to dial numbers without human intervention.

34.  Upon information and belief, the equipment used by Defendant to place the calls also has the capacity to, and does, call telephone numbers stored as a list or in a database without human intervention.

35.  Upon information and belief, Defendant placed these calls using an ATDS.

36.  Upon information and belief, Defendant placed these calls using an artificial or prerecorded voice.

37.  Defendant is licensed with the Texas Public Utility Commission ("TPUC") to use an Automatic Dial Announcing Device ("ADAD") to call consumers in Texas, with Permit Number 140024. The TPUC first issued this permit on May 6, 2014 and last renewed it on May 6, 2016.

38.  Defendant's calls were not placed for an emergency purpose.

39.  Plaintiff did not consent to receive calls to his cellular telephone (214) xxx-3192 placed with an ATDS or an artificial or prerecorded voice.

40.  Defendant's phone calls were made to a telephone number assigned to a cellular telephone service.

41.  These telephonic communications by Defendant violated 47 U.S.C. § 227(b)(1).

42.   CBE's harassing tactics have caused Plaintiff serious harm, including emotional distress, annoyance, aggravation, and invasion of his privacy.

43.   Consequently, Plaintiff is entitled to recover actual, statutory, and exemplary damages from defendant.

**FIRST CAUSE OF ACTION**
VIOLATION OF THE TCPA

44.   The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

45.   "Willfully" and "knowingly" under the TCPA means that Defendant acted voluntarily, and under its own free will, regardless of whether Defendant knew that it was acting in violation of the statute. Sengenberger v. Credit Control Servs., 2010 U.S. Dist. LEXIS 43874, *16-17 (N.D. Ill. May 5, 2010); see also, e.g., Bridgeview Health Care Ctr. Ltd. v. Clark, No. 09-C-5601, 2013 U.S. Dist. LEXIS 37310 (N.D. Ill. Mar. 19, 2013); Stewart v. Regent Asset Mgmt. Solutions, No. 10-CV-2552, 2011 U.S. Dist. LEXIS 50046 (N.D. Ga. May 4, 2011); Davis v. Diversified Consultants Inc., 36 F. Supp. 3d 217, 226 (D. Mass. 2014).

46.   Defendant called plaintiff's cellular telephone using an ATDS, as defined in 47 U.S.C. § 227(a)(1), on multiple occasions as prohibited by 47 U.S.C. § 227(b)(1)(A), and without plaintiff's prior express consent.

47.   Defendant called plaintiff's cellular telephone using an artificial or prerecorded voice on multiple occasions as prohibited by 47 U.S.C. § 227(b)(1)(A), and without plaintiff's prior express consent.

48.   The foregoing acts of Defendant constitute numerous multiple negligent and/or willful and/or knowing violations of the TCPA.

6

49.  As a result of Defendant's negligent and/or willful and and/or knowing violations of the TCPA, Defendant is thus liable to the plaintiff for statutory damages of $500 to $1,500 for each call, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
VIOLATION OF THE FDCPA

50.  The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

51.  The plaintiff is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

52.  Defendant CBE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

53.  The alleged debt underlying the plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

54.  CBE violated 15 U.S.C. § 1692e(2)(A) by attempting to collect a debt that Plaintiff did not owe.

55.  CBE violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect a debt, in particular calling defendant over 300 times because when he did not owe the subject debt and was not the intended recipient of the calls and using an artificial or prerecorded voice in Spanish, a language Plaintiff does not speak.

56.  CBE violated 15 U.S.C. § 1692d(5) by calling Plaintiff's cellular telephone over 300 times, causing it to ring repeatedly and continuously playing recordings in Spanish, with the intent to harass or annoy Plaintiff at the called number.

57.  CBE violated 15 U.S.C. § 1692d(6) by calling the Plaintiff without meaningfully disclosing its identity.

58.  As a result of CBE's unlawful conduct, the plaintiff felt harassed, annoyed, and

frustrated, and that the calls were wasting his time and invading his privacy.

59.   CBE is thus liable to the plaintiff for statutory and actual damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## THIRD CAUSE OF ACTION
### VIOLATION OF THE TDCA

60.   The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

61.   The plaintiff is a "consumer" as that term is used in Tex. Fin. Code § 392.001(1).

62.   Defendant CBE is a "debt collector" and a "third-party debt collector" within the meaning of Tex. Fin. Code § 392.001.

63.   The alleged debt underlying the plaintiff's complaint is a "consumer debt" within the meaning of Tex. Fin. Code § 392.001(2).

64.   CBE violated Tex Fin. Code § 392.302(4) by calling Plaintiff's cellular telephone over 300 times using an artificial or prerecorded voice in Spanish, with the intent to harass Plaintiff at the called number.

65.   CBE violated Tex Fin. Code § 392.304(a)(4) by failing to clearly disclose in its calls to Plaintiff to whom the debt has been assigned or owed.

66.   As a result of CBE's unlawful conduct, the plaintiff suffered emotional distress, frustration, wasted time, annoyance, aggravation, and invasion of privacy.

67.   CBE is thus liable to the plaintiff for actual damages in an amount to be determined by the trier of fact, as well as the plaintiff's attorney's fees and costs pursuant to Tex. Fin. Code § 392.403.

8

68.  The plaintiff also is entitled to and seeks injunctive relief under Tex. Fin. Code § 392.403.

## FOURTH CAUSE OF ACTION
UNREASONABLE COLLECTION

69.  The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

70.  Under the common law, unreasonable collection involves "efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." (Spencer v Hughes Watters Askanase, LLP, 2016 US Dist LEXIS 53659, at *23 [WD Tex Apr. 21, 2016, No. 5:16-CV-062-DAE].)

71.  CBE's actions in repeatedly calling Plaintiff's cellular telephone over 300 times when he did not owe a debt and playing recordings in Spanish, a language Plaintiff does not speak, constitute the tort of unreasonable collection, which allows for the recovery of actual, and exemplary damages.

72.  The plaintiff's injuries of emotional distress, frustration, annoyance, aggravation, wasted time, and invasion of privacy of resulted from the willful, wanton, and malicious activity of CBE, which entitles the plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

## PRAYER FOR RELIEF

73.  For these reasons, the plaintiff seeks judgment against defendant for the following:

74.  Statutory damages of $500 to $1,500 per call pursuant to 47 U.S.C. § 227(b)(3).

75.  Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k (FDCPA)

76.  Actual damages;

77.  Exemplary damages;

78.  Attorneys fees and costs;

79.  Costs of court; and

80.  Injunctive relief.

## JURY DEMAND

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: December 31, 2016                    Respectfully submitted,

 

_____

Sameer S. Birring
*Attorney for Plaintiff*
Birring Law Firm, P.C.
43 West 43rd Street, Suite 134
New York, NY 10036
Tel: (646) 801-2712
Fax: (646) 798-0110
sameer@birringlaw.com
Texas State Bar Number 24087169

10